No. ——

First Circuit·

---

KENNON v. WOMACK

(June 26, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Brokers—Par. 23.

The plaintiff suing for a commission for the sale of real estate must prove his case for certainty or by a preponderance of evidence in order to recover.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

There was judgment for plaintiff.

Defendant appealed.

Judgment reversed and case rejected as of non-suit.

A. L. Ponder and S. S. Reid, of Amite, attorneys for plaintiff, appellee.

J. D. Womack and Carroll Buck, of Baton Rouge, attorneys for defendant, appellant.

LECHE, J. Plaintiff sues for three hundred dollars alleged to be due to him by defendant for commission at 5 per cent on the sale of a bakery situated in the town of Kentwood. He makes the necessary allegations to establish a contract of employment to show that he rendered the service, that he was the procuring cause, that the compensation at 5 per cent had been agreed upon and that the sale was made for the consideration of six thousand dollars. Defendant admits that he employed plaintiff, that he sold the property for six thousand dollars, but denies that he had agreed to pay the alleged commission, and he further says that plaintiff had agreed to make the sale and to receive as his compensation whatever sum he might obtain in excess of six thousand dollars. Defendant insists that it was understood and agreed that the property was to net him six thousand dollars above any commission or expenses of sale.

Plaintiff pursues the occupation of real estate broker; he says that he is qualified as such, and pays a license for the lawful conduct of his business. The contract for the sale of defendant's bakery is not

claimed to have been written, but is said to have been verbal. So that the evidence in regard to his compensation is entirely by parol. The only witnesses to the contract are the plaintiff and the defendant. They flatly contradict one another on the question of remuneration. So far as we know and so far as the record shows, the credibility of the one is as worthy as that of the other, and, of course, such testimony is bound to leave the truth in absolute doubt. It might be claimed that as the rule usually followed by appellate courts under these conditions requires that the finding of the trial judge should be adopted, we accordingly should affirm the judgment which condemned the defendant for the whole amount in suit. But there is still another rule which must be adhered to by all courts, and that rule is that the plaintiff must prove his case by a preponderance of evidence.

In this case, instead of proving his demand by a preponderance of evidence, we find that plaintiff's proof is very materially weakened by this attendant circumstance. Plaintiff is a qualified realtor and, no doubt, uses the usual form of written contract adopted by persons following that occupation. We find in the record a blank form of such a contract, which is said to have been handed to defendant by plaintiff, filled out in pencil, for the listing of a farm. It is unsigned and its contents do not concern the "bakery" involved in this case. The question then logically suggests itself, why did not plaintiff require that such a contract be entered into and signed by defendant for the sale of the "bakery". Defendant explains this by saying that he refused to sign such a contract because by its terms he would have made himself liable for a 5 per cent commission. This statement of defendant is corroborated by Dr. Henry Monget.

Plaintiff did attempt to sell the bakery for $6500.00. He then offered it for $6300.00 and being unable to get an offer above $6000.00, defendant cancelled the contract and executed a sale independently of plaintiff.

We believe the plaintiff has failed to prove his case with certainty or by a preponderance of evidence.

For these reasons the judgment appealed from is avoided and reversed and plaintiff's demand rejected as in case of nonsuit, with all costs.